**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────

ROBERT E. JOHNSON,

                                        Plaintiff,

        v.

FRIDA'S BAKERY INC., et al.,                    No. 5:19-CV-1613
                                                (DNH/CFH)

                                        Defendants.

───────────────────────────────────────

**APPEARANCES:**

Robert E. Johnson
19A0763
Cape Vincent Correctional Facility
Rte. 12E
PO Box 739
Cape Vincent, New York 13618
Plaintiff pro se

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se Robert E. Johnson, an inmate currently incarcerated at

Cape Vincent Correctional Facility in Cape Vincent, New York, commenced this

action on January 2, 2020, with the filing of a complaint.  See Dkt. No. 1

("Compl.").  Plaintiff also filed an application to proceed in forma pauperis ("IFP").

See Dkt. No. 2.  On January 8, 2020, the Court administratively closed the case,

and provided plaintiff the opportunity to comply with the filing fee requirement.

See Dkt. No. 5.  On January 23, 2020, plaintiff filed a second IFP application.

1

<u>See</u> Dkt. No. 6.  The Court has reviewed plaintiff's second IFP application and

has determined that plaintiff financially qualifies to proceed IFP.[1]

## II. Initial Review

### A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the

court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Thus, it is a court's responsibility to determine that a plaintiff may properly

maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds <u>pro</u> <u>se</u>, "the court must construe his

submissions liberally and interpret them to raise the strongest arguments that

they suggest."  <u>Kirkland v. Cablevision Sys.</u>, 760 F.3d 223, 224 (2d Cir. 2014)

(per curiam) (internal quotation marks omitted).  However, this does not mean

the Court is required to accept unsupported allegations that are devoid of

sufficient facts or claims.  Although detailed allegations are not required at the

pleading stage, the complaint must still include enough facts to provide the

defendants with notice of the claims against them and the grounds upon which

---

[1] Plaintiff is advised that, despite being granted IFP status, he is still required to pay in full any costs or fees that she may incur in this action, including, but not limited to, any copying fees or witness fees.

these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell

Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face."

Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure

("Fed. R. Civ. P.").  Specifically, Rule 8 provides that a pleading which sets forth

a claim for relief shall contain, among other things, "a short and plain statement

of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

"The purpose . . . is to give fair notice of the claim being asserted so as to permit

the adverse party the opportunity to file a responsive answer, prepare an

adequate defense and determine whether the doctrine of res judicata is

applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal

quotation marks and citations omitted).  Rule 8 also requires the pleading to

include:

> (1) a short and plain statement of the grounds for the
> court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that
> the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules

make clear that each allegation contained in the pleading "must be simple,

concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

3

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances.  A later pleading may refer
> by number to a paragraph in an earlier pleading.  If
> doing so would promote clarity, each claim founded on
> a separate transaction or occurrence – and each
> defense other than a denial – must be stated in a
> separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of

identification for referring to a particular paragraph in a prior pleading[.]"  Flores,

189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint

that fails to comply with the pleading requirements "presents far too a heavy

burden in terms of defendants' duty to shape a comprehensive defense and

provides no meaningful basis for the Court to assess the sufficiency of their

claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the

Second Circuit has held, "[w]hen a complaint does not comply with the

requirement that it be short and plain, the court has the power, on its own

initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42

(2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved

for those cases in which the complaint is so confused, ambiguous, vague, or

otherwise unintelligible that its true substance, if any, is well disguised."  Id.

(citations omitted).  In such cases of dismissal, particularly when reviewing a pro

se complaint, the court generally affords the plaintiff leave to amend the

complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court

should not dismiss a complaint if the plaintiff has stated "enough facts to state a

4

claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted).

## B. Plaintiff's Complaint

Plaintiffs' complaint is written on a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, and names as defendants his former employer, Frida's Bakery ("Frida's"); Frida's President, Robert Pollack ("Pollack"); his former manager at Frida's, Robert Dayan ("Dayan"); and his former supervisor at Frida's, Marcus Hernandez ("Hernandez"). <u>See</u> Compl. at 1-2.  Under the "Facts" section of the form complaint, plaintiff states that he was employed at Frida's between June 1, 2017, and August 24, 2017.  <u>See</u> <u>id.</u> at 4.  Plaintiff states that, during his three-month period of employment at Frida's, Hernandez called him a "nigger, monkey[,] and other racial slurs" and "voiced his opinion of his dislike for black people."  <u>Id.</u>  Plaintiff alleges that he made "complaints . . . to manager . . . Dayan through many text messages, phone calls[,] and face to face."  <u>Id.</u>  Plaintiff contends that Hernandez "continue [sic] to call [plaintiff] racial slurs and threatened to kill [him] numerous times."  <u>Id.</u>  Plaintiff further alleges that, on August 23, 2017, Hernandez was "sent home" after he "attempted to stab [plaintiff] with a knife."  <u>Id.</u>  Finally, plaintiff alleges that, on August 24, 2017, Hernandez returned to work and "tried to kill [him] with a knife."  <u>Id.</u>

In his "first cause of action," plaintiff alleges that, "[d]uring the [three] months [he] suffered mental anguish, emotional distress, [and] lost [sic] of liberty." Compl. at 5 (capitalization omitted). His "second cause of action" alleges that "defendants [sic] actions placed plaintiffs [sic] life in jepoaday [sic]." Id. (capitalization omitted). In his "third" and final cause of action, plaintiff alleges that, "[b]ecause of [sic] defendants failed [sic] to take control of the hostile environment, plaintiff endured workplace bullying, hostile work environment, unlawful harassment[,] and unlawful misconduct." Id. (capitalization omitted). Plaintiff's prayer for relief requests $10 million and punitive damages. See id.

## C. Analysis[2]

Affording the pro se complaint a liberal reading, as the Court must, plaintiff appears to allege claims for race-based hostile work environment based on his assertions that, over the course of his three-month employment at Frida's, Hernandez directed racial slurs at him and physically threatened and attacked him. See Compl. at 4-5. Although plaintiff's form complaint asserts his causes of action pursuant to 42 U.S.C. § 1983 only, given his pro se status and his statement that he received a right-to-sue letter from the EEOC, see id. at 2, the undersigned construes the complaint as asserting hostile work environment

---

[2] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

claims pursuant to not only 42 U.S.C. § 1983, but also Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

### i. 42 U.S.C. § 1983

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are not liable under § 1983 unless they act under color of state law. See Hooda v. Brookhaven Nat. Lab., 659 F. Supp. 2d 382, 392 (E.D.N.Y. 2009); see also Benjamin v. Brookhaven Sci. Assocs., LLC, 387 F. Supp. 2d 146, 156 (E.D.N.Y. 2005) ("[T]he [plaintiff's] section 1983 action is not cognizable against the [d]efendant because there are no allegations that it is a state or municipal entity acting under color of state law as required by 42 U.S.C. § 1983."). A plaintiff "bears the burden of proof on the state action issue." Hadges v. Yonkers Racing Corp., 918 F.2d 1079, 1083 n.3 (2d Cir. 1990).

Here, Frida's, a bakery, is a private business and the individual defendants are private parties, and plaintiff does not allege, nor is there any conceivable set of facts under which plaintiff could allege, that any of the named defendants were acting under color of state law. Cf. Crawley v. Nat'l Life Ins. Co. of Vt., 318 F.3d 105, 111 (2d Cir. 2003) ("For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as

that of the State itself." (internal quotation marks and citation omitted)).

Accordingly, it is recommended that the complaint be dismissed with prejudice

and without opportunity to amend insofar as the complaint may be read as

asserting claims against Frida's and/or the individual defendants pursuant to

Section 1983.


### ii. Title VII

As an initial matter, although plaintiff's complaint may be liberally read as

attempting to assert a claim for race-based hostile work environment pursuant to

Title VII as against Frida's only—it cannot be read as asserting such a claim

against the individual defendants.  See Patterson v. County of Oneida, New

York, ("[I]ndividuals are not subject to liability under Title VII."); see also Mandell

v. Cty. of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003) ("[T]he district court's

dismissal of [the] plaintiff's Title VII claims against [the defendant] in his personal

capacity must be affirmed because under Title VII individual supervisors are not

subject to liability.").  Consequently, it is recommended that the complaint be

dismissed with prejudice and without opportunity to amend insofar as it may be

read as asserting a Title VII race-based hostile work environment claim against

the individual defendants.

Further, to state a claim for race-based hostile work environment under

Title VII, a plaintiff must show that a defendant's conduct (1) was "objectively

severe or pervasive," (2) created an environment that was "subjectively

8

perceive[d] as hostile or abusive," and (3) "created such an environment because of the plaintiff's [protected characteristic]." Alvarado v. Mount Pleasant Cottage Sch. Dist., 404 F. Supp. 3d 763, 780 (S.D.N.Y. 2019) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)).  Here, even affording the complaint the most generous reading possible, any potential Title VII hostile work environment claim against Frida's must be dismissed because plaintiff has failed to "demonstrate that the [challenged] conduct occurred because of [his] protected characteristic." Hussey v. New York State Dep't of Law/Office of Atty. Gen., 933 F. Supp. 2d 399, 412 (E.D.N.Y. 2013) (internal quotation marks and citation omitted); see Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) ("[i]t is axiomatic that that mistreatment at work . . . is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic." (internal quotation marks and citation omitted)).  Plaintiff's claims are all premised on Hernandez allegedly directing racial slurs about African Americans toward him and threatening to engage in, and actually engaging in, acts of physical violence against him.  See Compl. at 4.  However, neither the complaint nor any other of plaintiff's submissions allege that plaintiff is, himself, African American, or a member of any racial minority group.  See generally id.  Thus, the complaint, which is devoid of facts from which the Court can draw the plausible inference that the specific occurrences complained of were the result of plaintiff's race, fails to sufficiently allege a cause of action for hostile work environment pursuant to Title VII.  See, e.g., Maisonet v. Metro. Hosp. & Health Hosp. Corp., 640 F. Supp. 2d 345, 349

(S.D.N.Y. 2009) (dismissing the plaintiff's claim of racial discrimination under Title VII where the "[c]omplaint ma[de] no mention of [the plaintiff's] race.").

As a final matter, the complaint does not make clear whether plaintiff has satisfied the statutory prerequisites for filing a federal lawsuit pursuant to Title VII. In order to commence an action in federal court pursuant to Title VII, a plaintiff "must file a charge of discrimination with the EEOC 'within one hundred eighty (180) days 'after the alleged unlawful employment practice occurred,' or within three hundred (300) days of the alleged discrimination if the claimant 'has initially instituted proceedings with a state local agency[,]' and receive a 'right-to-sue' letter from the EEOC prior to commencing a suit in federal court." McNight v. Dormitory Auth. of State of New York, 995 F. Supp. 70, 76 (N.D.N.Y. 1998) (quoting 42 U.S.C. § 2000e-5(e)).  A plaintiff must bring the federal court action within ninety days of receiving a right-to-sue letter.  See Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994) ("[A] suit must be commenced not more than 90 days after receipt of the right-to-sue letter").  "It is well settled that if a plaintiff does not file suit within 90 days of receiving the EEOC's right-to-sue letter, the action must be dismissed, unless extraordinary circumstances have been established." Ernestine Banks v. Avis Budget Grp., 1:16-CV-1320 (MAD/DJS), 2018 WL 922147, at *2 (N.D.N.Y. Feb. 15, 2018) (citing Skibinski v. Zevnik, Horton, Guibord, McGovern, Palmer & Fognani, LLP, 57 F. App'x 900 (2d Cir. 2003) (summary order)). "'The filing deadline for the formal complaint is not jurisdictional and, like a statute of limitations, is subject to equitable tolling[,

which] is only appropriate in rare and exceptional circumstances.'" Id. (quoting

Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003)

(internal quotation marks and citations omitted)).

Here, plaintiff alleges only that he "made a complaint to the EEOC in 2017

and was given the ok to file lawsuit"—but has not attached a right-to-sue notice

to his complaint.  Compl. at 2.  Although plaintiff's allegations suggest that he

timely commenced his EEOC action following the allegedly discriminatory

conduct between June and August 2017, the complaint is silent as to the date on

which plaintiff purportedly received a right-to-sue notice or whether he timely filed

this action within 90 days of receiving such notice.  See id. at 2, 4.  In addition,

plaintiff neither advances any argument nor provides any factual assertions from

which the Court can plausibly infer that he is entitled to equitable modification of

the statutory filing requirements.  See id.  Nevertheless, given plaintiff's pro se

status, it is recommended that his Title VII hostile work environment claim insofar

as asserted against Frida's be dismissed without prejudice, and that plaintiff be

given the opportunity to amend.  See Ramic v. AFSA Data, No. 6:15-CV-01288

(LEK/TWD), 2015 WL 7820594, at *3 (N.D.N.Y. Nov. 4, 2015) (recommending

dismissal of the plaintiff's Title VII claim without prejudice and with opportunity to

amend "in light of [the p]laintiff's pro se status" although the plaintiff did "not

allege that he received a right-to-sue letter from the EEOC, and a right-to-sue

letter [wa]s not attached to his [c]omplaint."), report and recommendation

11

adopted, No. 6:15-CV-1288 (LEK/TWD), 2015 WL 7871163 (N.D.N.Y. Dec. 3, 2015).

### 3. State Law Claims

Liberally construed, the complaint appears to attempt to assert state law claims for intentional infliction of emotional distress and/or assault and battery against Hernandez for incidents that allegedly occurred between June and August 2017.  See Compl. at 4.  These state law claims each have a one-year statute of limitations.  See C.P.L.R. 215(3) ("The following actions shall be commenced within one year: an action to recover damages for assault, battery . . . ."); Forbes v. Merrill Lynch, Fenner & Smith, Inc., 957 F. Supp. 450, 455 (S.D.N.Y. 1997) ("It is well established under New York law that a claim of intentional infliction of emotional distress has a one-year statute of limitations." (internal quotation marks and citations omitted).  Further, the Second Circuit has expressly held that, "as a matter of federal law[,] filing an EEOC charge does not toll the time for filing state tort claims, including those that arise out of the same nucleus of facts alleged in the charge of discrimination filed with the EEOC." Castagna v. Luceno, 744 F.3d 254, 258 (2d Cir. 2014).  Thus, because plaintiff's state law claims accrued, at the latest, on August 24, 2017—his last day of employment at Frida's—the statute of limitations for plaintiff's state law tort claims has expired.  See C.P.L.R. 215(3); Forbes, 957 F. Supp. At 455.

Accordingly, it is recommended that plaintiff's state law claims be dismissed with prejudice and without opportunity to amend.

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's second application to proceed in forma pauperis (Dkt. No. 6) is **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that the following of plaintiff's claims be **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND**: Title VII claims insofar as asserted against the individual defendants, and Section 1983 claims; and it is further

**RECOMMENDED**, that the complaint, insofar as asserted against individual defendants Hernandez, Dayan, and Pollack be **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND**; and it is further

**RECOMMENDED**, that the following of plaintiff's claims be **DISMISSED WITHOUT PREJUDICE AND WITH OPPORUTNITY TO AMEND**: Title VII claim insofar as asserted against Frida's, and it is further

**RECOMMENDED**, that plaintiff's state law claims be **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND** as time-barred, and it is further

**RECOMMENDED**, that should the District Judge adopt this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of

the Order adopting this Report-Recommendation and Order to file an amended

complaint, and if plaintiff does not file an amended complaint, (1) it will be

deemed as an abandonment of any claims for which leave to replead has been

granted and will result in judgment being entered against plaintiff on these claims

without further order by the Court, and (2) the matter be returned to the

Magistrate Judge for service of the original complaint for any claims that were

permitted to proceed in the original complaint, with all other claims deemed

stricken.

   **IT IS SO ORDERED**.

   Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days

within which to file written objections to the foregoing report.  Such objections

shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS**

**REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE**

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v.

Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28

U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[3]

   Dated: April 17, 2020
   Albany, New York

   Christian F. Hummel
   U.S. Magistrate Judge

---

[3]  If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three
(3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17)
days from the date the Report-Recommendation & Order was mailed to you to serve and file objections.
FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday,
then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal
holiday.  Id. § 6(a)(1)(c).